937 So.2d 1196 (2006)
E.R., and The Guardian Ad Litem Program, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D05-2606.
District Court of Appeal of Florida, Third District.
September 13, 2006.
*1197 Kevin Coyle Colbert, Miami, for appellant, E.R.
Hillary S. Kambour and Mercedes Scopetta, for appellant, the Guardian Ad Litem Program.
Jeffrey Bassett, and Calianne P. Lantz, Assistant District Legal Counsels, Department of Children and Family Services, for appellee.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
PER CURIAM.
E.R., ("the father"), and the Guardian Ad Litem program ("GAL"), appeal the trial court's order terminating the father's parental rights to his two children. We reverse because the trial court's order is not supported by competent, substantial evidence.
The Department of Children and Family Services, ("DCF"), removed the children from the mother's custody after a domestic violence incident between the mother and her new paramour. DCF placed the children with their father.
A month later, the father brought the children to DCF for a supervised visit with their mother. The DCF counselor observed that the children were dirty and the father smelled of alcohol. DCF removed the children from the father's custody and placed the children into a relative's custody.
DCF filed a dependency petition against the mother and father alleging neglect. Both parents entered a consent plea to the dependency petition. DCF provided the father with a case plan with a goal of reunification. The case plan required the father to complete a substance abuse screening and treatment classes, attend psychotherapy sessions, and complete parenting skills classes.
*1198 A judicial review panel conducted a review and concluded that the father was in partial compliance with his case plan. The panel determined that the father had not completed the substance abuse treatment and recommended that the court terminate his parental rights. DCF filed a petition for termination of parental rights alleging the father neglected his children because he failed to comply with the tasks in his case plan for a twelve-month period.
At trial, the father testified that he completed the parenting classes and individual psychotherapy sessions. He also testified that he attended eight of the substance abuse classes but was unable to finish the program because his job, remodeling homes, often took him out of town. The father stated, however, that he tried to contact his DCF counselor to find classes closer to home but his counselor never returned his calls.
The DCF counselor testified that the father was regularly tested for alcohol and never tested positive. There was also uncontradicted evidence that the father visited his children at least five times a week, helped the children's custodian with chores and often cooked the family dinner. The children's custodian, the paternal grandfather, also testified that the father made regular child support payments, helped with repairs on the custodian's home, and took the children shopping and to the movies.
The trial court terminated the father's parental rights under section 39.806(1)(e), Florida Statutes (2003), for failure of the father to substantially comply with the case plan. On appeal, the father and the GAL contend that there was not competent and substantial evidence supporting the trial court's order and that termination of the father's parental rights was not in the children's best interests. We agree and reverse.
In order to terminate a parent's rights under section 39.806(1)(e), the trial court must find, by clear and convincing evidence, that the parent failed to substantially comply with a case plan within twelve months of the court adjudicating the children dependent. "Substantial compliance" means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the children will not be endangered upon the children remaining with or being returned to the children's parent. § 39.01(68), Fla. Stat. (2003).
Here, DCF removed the children from the father's custody on allegations that the father had a drinking problem and neglected the children by leaving them with an inadequate caretaker, the mother. The father, however, made substantial progress in addressing and remedying the circumstances which brought the children into DCF care.
The father completed all of DCF's referrals with the exception of the treatment classes. Although he did not complete the treatment, he tested negative at every urinalysis. The children's custodian testified that the father significantly curbed his drinking and does not drink around the children.
The father's reason for not completing the treatment program was because it interfered with his job. This is a valid reason considering the father made regular child support payments to the custodian and needed his job to continue to provide the children with financial support. The father was making an effort to do what he thought was in the children's best interests.
Second, in order to prove termination of parental rights is necessary, DCF must establish that there is no reasonable *1199 basis to believe the parent will improve. M.H. v. Dep't of Children and Families, 866 So.2d 220 (Fla. 1st DCA 2004). Here, the father took significant steps to remedy his drinking problem. There was no record evidence that the father is not amenable to completing additional services, including the treatment program. In fact, the father testified that he was willing to complete the treatment classes and had contacted DCF in an attempt to find a place closer to home. The father also testified that he benefited from the parenting classes and gained insight into how to take care of his children.
Finally, DCF must prove that termination of parental rights is the least restrictive means of protecting the children from serious harm. B.C. v. Dep't of Children and Families, 887 So.2d 1046 (Fla.2004). This requires the court to utilize measures short of termination if such measures can permit a safe re-establishment of the parent-child bond. L.B. v. Dep't of Children & Families, 835 So.2d 1189 (Fla. 1st DCA 2002).
Here, there is no evidence supporting the trial court's finding that termination of the father's parental rights is in the children's manifest best interest. The children have a loving relationship and strong bond with their father. They see him on almost a daily basis, and he provides for them financially and emotionally.
The GAL testified that terminating the father's rights would be detrimental to the children. The GAL recommended allowing the children to stay in long-term relative placement with the paternal grandparents and allowing the father liberal visitation rights. See § 39.5085(1)(c), Fla. Stat. (2003). The grandparents testified that they were willing to continue the long-term relative placement and agreed that the court should allow the father visitation. Even the DCF counselor testified that she did not believe the father was a danger to his children.
This is not a case that warrants termination of the father's parental rights. See D.P. v. Dep't of Children & Family, 930 So.2d 798 (Fla. 3d DCA 2006)(record does not support termination of parental rights where parent has made significant strides and is not a threat to the children); M.H., 866 So.2d at 222(a parent's drug addiction, standing alone, is an insufficient ground to terminate parental rights).
We conclude that termination of the father's parental rights was not supported by clear and convincing evidence. Accordingly, because the evidence in this case does not show that termination of the father's parental rights was the least restrictive means to protect the children or was in the children's best interests, we reverse and remand to the trial court with instructions to enter an order that the children remain in long-term relative care with the paternal grandparents and allow the father to have liberal visitation rights.
Reversed and remanded.